J. M. HERRING *vs.* C. T. GULICK, Minister of Interior.

APPEAL FROM DECISION OF AUSTIN, J., SUSTAINING DEMURRER.

SPECIAL TERM, DECEMBER, 1883.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

A statute providing an adequate remedy for private parties damaged by the taking of their land for public use, supersedes the remedy at common law.

OPINION OF THE COURT BY JUDD, C. J.

THIS is an action on the case claiming $1,500 damages for the taking and appropriating by defendant's predecessors in office of certain water from plaintiff's land in Makiki valley. This is demurred to on the ground that an Act of the Legislature, passed in 1860 and amended in 1878, authorized certain land and water within certain prescribed limits in the range of mountains back of Honolulu to be condemned for the purposes of the Honolulu Water Works, and provided for the appointment of commissioners to assess the damages to individuals thus sustained, and that the plaintiff's land is situated within these limits, but that the complaint does not set forth that application had been made to the commissioners to settle the plaintiff's claim, or that any statutory steps had been taken to secure it. The position of the defendant, on argument, was that the common law remedy of the plaintiff for the injury complained of is superseded by the statute referred to. This is, in effect, a plea to the jurisdiction, for if

the Court should hold that the statutory remedy was exclusive, no amendment could cure the complaint.

The rule of the law is that "when the remedy provided by statute is complete, the common law remedy is superseded by the statute, and the person injured must pursue the course pointed out by the Act. In such case the statutory remedy is not merely cumulative upon the common law action, but an entire substitution for it, and must be exclusively pursued," Mills Em. Domain, Sec. 87. The cases sustaining this view are *Hagg vs. Worcester*, 13 Gray, 601 ; *Stevens vs. Middlesex*, 12 Mass., 466 ; *Calkin vs. Baldwin*, 4 Wend., 667 ; *Hovey vs. Mayo*, 43 Me., 322, and many others.

In *Brewer vs. Chase*, 3 Hawn., 136, this Court held that "It is a general rule, where the common law prevails, that a statute remedy is merely cumulative, unless the common law remedy is expressly or impliedly repealed. But if a statute confers a right and an adequate means of protecting it, the statutory remedy is exclusive, and if the enforcing tribunal is specified, that alone can be resorted to." This principle was affirmed in *Stone vs. Allen*, 3 Hawn. R. 621.

Says Cooley on Torts, p. 652, "But the common law remedy may be excluded by implication, as well as by express negative words, and where that which constitutes the actionable wrong is permitted on public grounds, but on condition that compensation be made, and the statute provides an adequate remedy whereby the party injured may obtain redress, the inference that it was intended to be the sole remedy must generally be conclusive. It has been so held in many cases where land or other property has been taken for public use under the eminent domain."

As early as 1815, Parker, C. J. (in *Stevens vs. Middlesex Canal*, 12 Mass., 466), held "that where the Legislature authorizes the making a canal, and provides a special mode of redress for those who are injured in their property by the natural and necessary effect of making the canal, no action for such injury lies at the common law." The learned Judge says : "The Legislature has taken care to provide a cheap, easy and convenient mode of redress for all who might suffer by the accomplishment of a great public object, and it must be considered as intended by it to deny the remedy at common law."

The same principle is stated by Hoar, J., in *City of Worcester vs. Commissioners of Worcester*, 100 Mass., 106, as follows: "The general policy of the law in regard to private property taken for public use is undoubtedly this: That the estimate of damages shall be made in the first place by or under the authority of some tribunal by whom it can be made more promptly and cheaply than by the intervention of a jury."

The Act of the Hawaiian Legislature, p. 24, Laws of 1860, "authorizing the Minister of Interior to take possession of whatever land and water may be required for the use of the Honolulu Water Works," provides that compensation shall be made to those injured thereby, and an adequate remedy is provided by which they can obtain redress, and by all the authorities the inference that this was intended to be the sole remedy is conclusive.

The appeal is dismissed and demurrer sustained.

*W. A. Kinney* and *S. B. Dole,* for plaintiff.

*W. A. Whiting* and *C. W. Ashford,* for defendant.

Honolulu, January 12, 1884.

