## ROSINA MANAKU *vs.* MOHOLE MOANAULI, ADAM PETRIE and JOHN SPENCER.

EXCEPTIONS TO FINDINGS OF BICKERTON, J.

HEARING, DECEMBER 24, 1891.   DECISION, JANUARY 13, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

Section 1449 of the Civil Code (of the descent of property) being a parti-
cular enactment, will control where the facts are applicable, and is
not repugnant, but is an exception to the general rule of descent, laid
down in section 1448: So where J. M. died intestate leaving a widow
M. and two daughters R. and K., and K. died under age and unmar-
ried, the other daughter R. takes the share of K., and not M., the
widow.

A deed of partition between M., R. and K. does not estop R. from claiming
as heir of K. the estate which came from their father, set off to K. in
the partition deed.

OPINION OF THE COURT, BY JUDD, C.J.

This is an action of ejectment for a lot of land on King street,
Honolulu, originally granted to M. Kekuanaoa by royal patent
number· 3024.   The essential facts are that one J. Moanauli
died intestate, seized of ·this land; that said intestate left a
widow, Mohole, the defendant, and two daughters, one Rosina,
the plaintiff, by a former wife, Namoomoo, and one Kalanikapu
born to him of the defendant.   A deed of partition was made
on the 20th October, 1887, between the above named widow and
daughters of J. Moanauli, in which the premises in question
were set off in severalty to Kalanikapu, who thereafter died at
the age of fourteen, unmarried.   The two questions raised by
the exceptions are, 1st, Under the statute of descent, does this
property go to the mother (defendant) or to the half-sister

(plaintiff)? 2d, Does the deed of partition affect the plaintiff's claim?

By the 1448th section of the Civil Code, if the intestate be a woman and leave no husband nor issue, her estate shall descend to her father and mother, or to either of them if only one be alive. By this law Mohole, the mother, as the sole surviving parent, would inherit the land from Kalanikapu, her daughter. The next section, 1449, is as follows: "If the intestate shall die leaving several children, or leaving one child, and the issue of one or more others, and any such surviving child die under age, and not have been married, all the estate that came to the deceased child by inheritance from such deceased parent shall descend in equal shares to the other children of the same parent, and to the issue of any such other deceased children, who shall have died, by right of representation."

By this law Rosina would inherit from her half-sister the land coming to her, Kalanikapu, from their father J. Moanauli. Are these two sections repugnant to each other, and if so, which shall control?

Section 1448 states the general rule governing the descent of property, that in case of failure of issue or husband, the parent inherits. Section 1449 states a more special rule, that where the estate came to the children from an intestate parent and one child dies in minority and unmarried, the share of the child so dying goes to the surviving child or children. We think that the particular enactment is operative in the particular case and that it is not repugnant to the general provision in section 1448. This is in conformity to the rule for the interpretation of statutes as laid down by Endlich, Section 399, and cases there cited. "Where there is in the same statute a particular enactment, and also a general one which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." This view carries out the fundamental principle of the statute of descent, that property should go from parent to child; and

unless the deceased child has by marriage acquired new rela- tions and responsibilities, its share should go to the other children, and not ascend to the parent.

The part of section 1448 which applies to intestate females, being passed in 1872, subsequent to the 1449th section, which was in the original statute of descent of 1850, does not repeal the 1449th section. This Act (of 1872) was passed in order to make clear what might have been assumed without any enactment, that the same rule as to descent of property from a male would apply to females, and was enacted in consequence of a decision of this court, *Estate of Kaluahine*, 3 Hawn., 323 (1871) which seemed to make it doubtful.

The Supreme Court of Massachusetts, under a statute like ours, (Gen. Stats. Mass., p. 474), held that where Mrs. R. died intestate, leaving two daughters and a husband, and thereafter one of the daughters died under age and unmarried, "upon the death of one under age and unmarried, the other inherited her share." *Richardson vs. Stodder*, 100 Mass., 528. See also *Sedgwick vs. Minot*, 6 Allen, 171.

It is urged against this view that Section 1449 gives only a life estate to the minor with a reversion in the sister, and that in case the minor's property should be sold by order of Court, the right of the sister to inherit would be defeated, which it is claimed would be unjust and absurd. But this would be equally true if the mother was the inheriting party. The estate which Kalanikapu had was of fee simple. It could not be defeated by any event which could happen in her, Kalanikapu's, lifetime. The only effect of the statute is this, if she should die under age and unmarried, her sister inherits the land; if she should live to attain majority and die, then her mother would inherit it, and if married, then her husband and mother would inherit it equally. The purchaser at the guardian's sale of the minor's land would get the title quite as clearly whether the sister or the mother and husband should turn out to be this person's heirs.

The defendant claims that the habendum clause in the partition deed by which Rosina conveyed to Kalanikapu the land in

question and "her right, title and interest both at law and in equity in the same," estops Rosina from now claiming it.

An examination of the deed refutes this position. This habendum clause is followed by these words, "that the said Kalanikapu Moanauli shall have, hold, possess and enjoy in *severalty* by herself and to her heirs and assigns for her share all that property," etc., describing the premises in question. The object of the deed of partition was that each coparcener might enjoy in severalty what was theretofore held in common, and the deed contained no warranty whatever that an after acquired title, not existing at the time, should not be set up when acquired. We think it well established by a long series of decisions, that partition merely severs the unity of possession leaving the title as before. It confers no new title. Partitioners do not by their deed of partition acquire new rights, they merely regulate the method of enjoyment of their old rights as acquired from the title of their ancestor or grantor. This view will be borne out by the following authorities: *Doe vs. Dixon*, 5 Ad. & Ellis, 834; *Wade vs. Deray*, 50 Cal., 376; *McClure vs. McClure*, 14 Penn., 134 ; Williams Real Prop., p. 82 ; 1 Washburn R. P., p. 432.

We can see no reason why a grantor of real estate may not thereafter inherit the same estate from his grantee. We therefore overrule the exceptions, and the judgment of the lower court stands.

*Thurston & Frear*, for plaintiff.

*C. Brown* and *F. M. Hatch*, for defendants.