IN THE MATTER of the APPLICATION of K. OKKOTS, on behalf of TAKESHITA MATSUJI, for a Writ of Habeas Corpus.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

HEARING, MARCH 19, 1894.            DECISION, APRIL 13, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Sec. 37, Ch. LVII, Laws of 1892, does not give a Circuit Judge power to issue a writ of *habeas corpus* in the case of a person convicted, or in execution upon legal process.

OPINION OF THE COURT, BY FREAR, J.

Application was made to the Circuit Judge of the Fifth Circuit by K. Okkots, Inspector of Japanese Immigrants, for a writ of *habeas corpus* on behalf of Takeshita Matsuji, a contract laborer, who was alleged to be imprisoned upon default of payment of a fine illegally imposed on him by the district magistrate of Waimea, Kauai, for willfully absenting himself from service. The alleged illegality consists in this, that the sentence, which is for a first offense, imposes a fine of the amount prescribed by the statute for a second offense. The

Circuit Judge refused the application on the ground that he had no jurisdiction to issue the writ in such cases. The question presented to us upon this appeal is whether he had such jurisdiction.

By Sec. 2 of the Act of 1870 "Relating to the Writ of *Habeas Corpus*," the writ is not demandable of right by "persons convicted, or in execution upon legal process, civil or criminal." By Sec. 32, "Nothing in this Act shall be construed to restrain the power of the Supreme Court, or any justice thereof, at their discretion to issue a writ of *habeas corpus, ad subjiciendum*, in case where it is not demandable of right   *   *   *. But such discretionary power shall only be exercised by the Justices of the Supreme Court." It is clear that under this Act, a Circuit Judge could not issue the writ where, as in the present case, the prisoner was convicted and in execution upon legal process.

But by Sec. 37, subdivision 8, of the Act of 1892, "To Reorganize the Judiciary Department," Circuit Judges have power "To issue writs of *habeas corpus* according to law." Counsel for the petitioner contends that this Act gives to the Circuit Judges the discretionary power formerly exercised by the Supreme Court Justices, and that the words "according to law" relate to the procedure or manner, and not to the class of cases, provided by law. For otherwise, it is argued, why repeat or affirm such restrictive legislation? We cannot agree with counsel.

Prior to the Act of 1870, the Supreme Court Justices and the Circuit Judges were given in general terms power to issue writs of *habeas corpus*. Civil Code, Secs. 855, 883. Neither the procedure nor the class of cases in which the Justices and Judges might respectively issue the writ was defined by statute. This was done by the Act of 1870 which, among other things, confined the power of the Circuit Judges to cases in which the writ was demandable of right. The Act of 1892 is a comprehensive act, designed not merely to amend some old, and enact some new provisions of law, but also to consolidate and arrange systematically many scattered

provisions of former laws relating to the judiciary. It consequently repeats much old law of both a general and a restrictive nature ; and in its enumeration of the powers of the Circuit Judges, its repetition of the power to issue writs of *habeas corpus* as well as other powers given formerly by the Civil Code, is easily explained without the necessity of attributing to the legislature an intention to alter the law of 1870. Just as the former general provision of the Code was controlled by the special provision of the Act of 1870, so is the present general provision of the Act of 1892, which is substituted for the former provision of the Code.

To support counsel's contention we should be obliged to hold that the Act of 1892 repealed by implication Sec. 32 of the Act of 1870. But repeals by implication are not favored, —a rule particularly applicable in this instance, for the reason that an attempt was apparently made in the Act of 1892 to repeal expressly all former laws intended to be repealed and for the further reason that one of the alleged inconsistent clauses is of a general nature and the other of a special nature. "A general later (affirmative) law does not abrogate an earlier special one by mere implication." Endlich, Interpretation of Statutes, Sec. 223. "If there are two acts, or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also; and if, reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision,—it must be taken that the latter was designed as an exception to the general provision." Ib. Sec. 216. See also Sec. 399. This rule was followed in *Manaku vs. Moanauli,* 8 Haw. 381, where a general statute passed in 1872 was held not to repeal a special one passed in 1850, though covering the same matter. The insertion in the Act of 1892 of the phrase "according to law" does not indicate an intention to alter the law. It rather indicates a contrary intention.

The ruling of the Circuit Judge is sustained and the appeal is dismissed.

*A. S. Hartwell,* for the petitioner.

*G. K. Wilder, Deputy Attorney-General,* for the Marshal.