ARTHUR M. BROWN, HIGH SHERIFF OF THE TEH-
RITORY OF HAWAII, PLAINTIFF IN ERROR, *v.*
GOTO, DEFENDANT IN ERROR.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JULY 11, 1904.        DECIDED NOVEMBER 28, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

HABEAS CORPUS—*jurisdiction to issue writs of.*

> Circuit courts have not jurisdiction to issue writs of *habeas
> corpus* in cases in which such writs are not demandable of right.
> Such jurisdiction is confined by the statutes to the supreme court,
> its justices and the circuit judges. The jurisdiction to issue such
> writs is not inherent in the circuit courts in the sense that the
> legislature cannot vest it in other courts or in the judges, to the
> exclusion of the circuit courts as such, nor does the Organic Act.
> (Sec. 81) deprive the legislature of such power.

OPINION OF THE COURT BY FREAR, C.J.

The defendant in error was tried, convicted, and sentenced
to pay a fine of $500 and costs, in the district court of Honolulu
on a charge by information or complaint of selling spirituous
liquors without a license in violation of Section 444 of the
Penal Laws. He appealed to the circuit court, pleaded guilty,
and was sentenced to pay a fine of $350 and $3.50 costs, the
maximum penalty allowed by the statute being a fine of $500—
for a first offense. Failing to pay the fine and costs he was
committed to prison at hard labor under Section 577 of the
Penal Laws until the fine and costs should be paid, subject to
release as provided in the same section at the expiration of a

year in case of inability to pay the fine and costs, the imprisonment in any event to discharge the fine and costs at the rate of fifty cents a day under Section 583 of the Penal Laws. Afterwards the circuit court, a different judge presiding, released him on habeas corpus from such imprisonment, which was at Oahu Prison, on the ground that imprisonment at hard labor at such prison was an infamous punishment and that the prisoner had not been indicted as required by the Fifth Amendment of the Federal Constitution in cases of infamous offenses. This writ of error was then brought to reverse the judgment discharging the prisoner—the plaintiff in error contending (1) that the circuit court was without jurisdiction to issue writs of *habeas corpus* and (2) that the offense was not infamous and so could be tried on information or complaint. No opinion need be expressed upon the second of these contentions as we are of the opinion that the first must be sustained.

. Under the Civil Code of 1859, Secs. 855, 880, 883, the justices of the supreme court, the circuit courts and the circuit judges had original jurisdiction to issue writs of *habeas corpus*. Under the *habeas corpus* act of 1870, Chapter 32, Section 32 (part of which is Civ. Laws, Section 1676), it was provided that the power to issue the writ in cases in which, as in the present case, it is not demandable of right "shall only be exercised by the justices of the supreme court." Under the judiciary act of 1892, Chapter 57, Sections 37, 51, (Civ. Laws, Secs. 1145, 1164), each justice of the supreme court had original jurisdiction to issue the writ and make it returnable before himself, the supreme court, any circuit court or any circuit judge, and circuit judges had jurisdiction "to issue writs of *habeas corpus* according to law," and Sections 855, 880, 883, of the Civil Code were repealed. In *Re Matsuji*, 9 Haw. 402, it was held that the judiciary act did not authorize circuit judges to issue the writ in cases in which it was not demandable of right. Act 75 of the Provisional Government repealed the clause in the act of 1870 confining to the justices of the supreme court the power to issue the writ in cases in which it was not demand-

·able of right, and (Civil Laws, Sec. 1677) authorized circuit courts and circuit judges to issue the writ in cases in which it was not demandable of right as well as in cases in which it was demandable of right. Act 79 of the Laws of 1903 repealed Act 75 of the Provisional Government and amended the Act of 1870 so as to permit the supreme court, the justices thereof and the circuit judges to issue the writ in both classes of cases. Thus, it is clear that under the Act of 1870 the circuit courts could not issue the writ in cases of this kind, and under the judiciary act they probably could not issue it in any case, and the only act, that of the Provisional Government, which has since given them the power has been repealed. So far as the statutes go, therefore, a circuit court cannot issue a writ of *habeas corpus* in a case in which it is not demandable of right and probably not in any case.

It is contended, however, for the prisoner that the writ is a high prerogative writ guaranteed by the Constitution and that a circuit court, being a court of general original jurisdiction, has inherent power to issue it and that this cannot be taken away by the legislature. It may be conceded that this is a common law writ and that courts of general original jurisdiction have power to issue it in the absence of constitutional or statutory provision to the contrary, but that it is a power inherent in any particular court in the sense that the legislature cannot, in the absence of constitutional restriction, take it away from that court and vest it in other courts, or prescribe whether it shall be exercised by the court or the judge, in term time or vacation or at chambers, does not seem to be supported by the authorities. The courts and judges and the mode of exercising the power are generally matters of statutory regulation. 9 Enc. Pl. & Pr. 1013; 15 Am. & Eng. Enc. of Law (2nd Ed.) 145. Undoubtedly the right to the writ could not be taken away by statute but that is quite a different matter from prescribing by what courts, in what manner and under what conditions, within reasonable limits, it may be exercised. The only provision in the Constitution relating to the writ is that

"the privilege of the writ of *habeas corpus* shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." Art. 1, Sec. 9. The Organic Act contains a somewhat similar provision. Sec. 67.

It is further contended that since the circuit courts had this jurisdiction when the Organic Act took effect, and since that Act (in Sec. 81) continued the circuit courts, those courts must have been continued as they were then, that is, with this jurisdiction, and that therefore the Territorial legislature cannot. change them by taking away this jurisdiction. What the full effect of the insertion of the words "circuit courts" in this section is, we need not undertake to say. See *Re Carter, ante,.* p. 242. Nor is it necessary to express an opinion as to the extent of the legislative power of the Territory in regard to the composition, jurisdiction and procedure of the circuit courts. See 23 Ops. Atty. Genl. 539. But that the legislature may go so. far as to confine the original jurisdiction in *habeas corpus* cases. to the supreme court, its justices and the circuit judges, to the exclusion of the circuit courts as such, we believe is shown by the Organic Act itself, for it provides in this same section that. *"until the legislature shall otherwise provide,* the laws of Hawaii heretofore in force concerning the *several courts and their jurisdiction and procedure* shall continue in force except as herein otherwise provided," and in Section 83, "that the laws of Hawaii. relative to the judicial department, including civil and criminal. procedure, except as amended by this Act, are continued in force, *subject to modification by* Congress, or *the legislature."* See also Secs. 6, 55.

The circuit court being without jurisdiction to issue the writ. of *habeas corpus* in a case of this kind, its judgment is reversed.

*E. C. Peters, Deputy Attorney General,* for plaintiff in error.. *Cathcart & Milverton* for defendant in error.