**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000323
28-JAN-2026
08:36 AM
Dkt. 61 SO**

NO. CAAP-24-0000323

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NONHUMAN RIGHTS PROJECT, INC.,
on behalf of Mari and Vaigai, Petitioner-Appellant,
v.
CITY AND COUNTY OF HONOLULU,
DEPARTMENT OF ENTERPRISE SERVICES and its DIRECTOR,
DITA HOLIFIELD, and the HONOLULU ZOO DIRECTOR,
LINDA SANTOS, Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-23-0001418)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, with Wadsworth and Guidry, JJ.
concurring separately)

Nonhuman Rights Project, Inc. (**NRP**) petitioned the Circuit Court of the First Circuit for a writ of habeas corpus on behalf of two elephants living at the Honolulu Zoo. The Circuit Court granted the respondents' motion to dismiss.[1] NRP appeals from the *Judgment* for the **City** and County of Honolulu.

Writs of habeas corpus under Hawaii Revised Statutes (**HRS**) Chapter 660 are available only to "persons" unlawfully restrained of their liberty. We hold: (1) elephants are not "persons"; (2) HRS Chapter 660 supersedes the common law writ of habeas corpus; and, at any rate, (3) the common law writ of

---

[1] The Honorable Gary W.B. Chang presided.

habeas corpus also applied only to persons. We affirm the Judgment. NRP's December 5, 2025 motion for retention of oral argument is denied. We dismiss NRP's December 23, 2024 motion to admit Jake **Davis** *pro hac vice* as moot.

NRP filed a **Petition** for a writ of habeas corpus against the City's Department of Enterprise Services, Dita **Holifield**, and Linda **Santos**. The Department of Enterprise Services operates the Honolulu Zoo. Holifield is the Department's director. Santos is the Zoo's director. The Petition sought an evidentiary hearing to show cause why the Zoo's two elephants should not be released "to an elephant sanctuary accredited by the Global Federation of Animal Sanctuaries."[2]

The City moved to dismiss. It argued the Petition failed to state a claim because (1) writs of habeas corpus under HRS Chapter 660 are only available to persons, and elephants are not persons; and (2) habeas corpus under the common law was available only to humans. An order granting the motion, and the Judgment,[3] were entered on March 25, 2024. This appeal followed.

NRP contends the Circuit Court erred by: (1) not issuing an order to show cause despite the Petition establishing a prima facie case; and (2) "retroactively denying" *pro hac vice* admission to Davis.

**(1)** We review the grant of a motion to dismiss de novo. <u>Yamane v. Pohlson</u>, 111 Hawaiʻi 74, 81, 137 P.3d 980, 987 (2006). We assume the facts alleged in the petition are true and view them in the light most favorable to the petitioner to see if they warrant relief under any legal theory. <u>See</u> <u>id.</u>

---

[2]  NRP did not seek the elephants' release into the wild; it sought their transfer to another form of confinement. That is another reason habeas corpus relief was not appropriate. <u>See</u> <u>Nonhuman Rts. Project, Inc. v. Cheyenne Mountain Zoological Soc'y</u>, 562 P.3d 63, 70 (Colo. 2025) ("The fact that NRP merely seeks the transfer of the elephants from one form of confinement to another is yet another reason that habeas relief is not appropriate here.").

[3]  The Judgment was entered for the City. NRP's claims against Holifield and Santos were dismissed without prejudice.

2

Regarding writs of habeas corpus, HRS § 660-3 (2016) provides:

> **Issuable by whom.** The supreme court, the justices thereof, and the circuit courts may issue writs of habeas corpus in cases in which ***persons*** are unlawfully restrained of their liberty; provided that ***persons*** committed or detained by order of the family court or under chapter 334 [("Mental Health, Mental Illness, Drug Addiction, and Alcoholism")] may, and if the jurisdiction of the family court is exclusive, shall, prosecute their applications in the family court.

(Bold italics added.)

Statutory interpretation is a question of law reviewed de novo. Eason v. State, 157 Hawaiʻi 252, 263, 576 P.3d 765, 776 (2025). The fundamental starting point is the statute's language. Id.

NRP argues "[t]he scope of the undefined term 'person' in [HRS] Chapter 660 is not a matter of statutory interpretation." The word "person" need not be defined; the plain meaning of the word does not include animals.[4] Cf. State v. LeVasseur, 1 Haw. App. 19, 24-25, 613 P.2d 1328, 1332-33 (1980) (a dolphin is not "any other person" for purposes of choice of evils defense to theft prosecution); see also, HRS § 142-96 (2023) (imposing fine upon one who "frightens, exasperates, or animates a horse or other animal, and thereby endangers the personal safety or the personal property of any person, or the animal itself, being that of another"); HRS § 707-700 (2014) (defining "deviate sexual intercourse" to include "any act of sexual gratification between a person and an animal").

NRP incorrectly argues that the word "person" in HRS § 660-3 "is merely a placeholder with no substantive meaning."

---

[4] NRP has unsuccessfully litigated this issue before. See, e.g., Nonhuman Rts. Project, Inc. v. DeYoung Fam. Zoo, LLC, ___ N.W.3d ___, 2025 WL 2957821 (Mich. App. 2025); Nonhuman Rts. Project, Inc. v. Cheyenne Mountain Zoological Soc'y, 562 P.3d 63 (Colo. 2025); Nonhuman Rts. Project, Inc. v. Breheny, 197 N.E.3d 921 (N.Y. 2022); Nonhuman Rts. Project, Inc. v. R.W. Commerford & Sons, Inc., 231 A.3d 1171 (Conn. App. 2020).

> It is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all the words of the statute.

Camara v. Agsalud, 67 Haw. 212, 215-16, 685 P.2d 794, 797 (1984).

NRP also argues that HRS Chapter 660 is "merely procedural" and does not supplant the common law writ of habeas corpus.  That is also not correct.  The "common law may generally be overridden by statute."  Priceline.com, Inc. v. Dir. of Tax'n, 144 Hawaiʻi 72, 82, 436 P.3d 1155, 1165 (2019); see also HRS § 1-1 (2009) (declaring common law of England to be the common law of Hawaii "except as otherwise expressly provided by . . . the laws of the State").

A complete statutory remedy supersedes the common law remedy.  "In such case the statutory remedy is not merely cumulative upon the common law action, but an entire substitution for it, and must be exclusively pursued[.]"  Herring v. Gulick, 5 Haw. 57, 58 (Haw. Kingdom 1883).

The remedy provided by HRS Chapter 660 is complete because the common law writ of habeas corpus also applied only to persons.  In re Apuna, 6 Haw. 732, 734 (Haw. Kingdom 1869) (noting that writ of habeas corpus was in substance the same as the English common law "designed to release *persons* from illegal confinement" (emphasis added)).  At common law, the category of "persons" was confined to humans, and the law separately addressed animals as objects of property.  Nonhuman Rts. Project, Inc. v. DeYoung Fam. Zoo, LLC, ___ N.W.3d ___, ___, 2025 WL 2957821, at *8 (Mich. App. 2025).

HRS Chapter 660 thus prescribes the sole means available for obtaining a writ of habeas corpus from a Hawaiʻi state court.  A habeas writ is not available to animals restrained of their liberty.  The Circuit Court did not err by dismissing NRP's Petition.

**(2)** NRP contends, "The Circuit Court violated *pro hac vice* counsel's procedural due process rights and abused its discretion when it retroactively denied the [*pro hac vice*] Motion." NRP misstates the record.

NRP first applied for Davis's admission *pro hac vice* on November 2, 2023. The application was denied without prejudice because it "failed to comply with Rules 7 and 7.2 of the Rules of the Circuit Courts of the State of Hawaii."

NRP reapplied for Davis's admission *pro hac vice* on November 10, 2023. The application was heard on January 16, 2024. The Circuit Court orally granted the application subject to six conditions specified during the hearing. NRP's Hawaiʻi-licensed counsel Cheryl **Nolan** was asked to prepare an order.

Nolan's proposed order omitted parts or all of the second, third, fourth, and sixth conditions. The proposed order was "rejected by the court without prejudice" because it "failed to state all of the conditions that the court stated in announcing its ruling during the hearing." NRP does not argue that any of the Circuit Court's conditions were contrary to law.

Nolan never resubmitted a conforming form of order. The Circuit Court did not retroactively deny Davis's application. NRP's point of error lacks merit.

**(3)** NRP moved to admit Davis *pro hac vice* three times in this appeal. The first motion was filed on July 22, 2024. It was denied because the supporting declarations did not comply with Rule 1.9 of the Rules of the Supreme Court of the State of Hawaiʻi (**RSCH**) (eff. July 1, 2024). Another motion was filed on December 5, 2024. It was denied for failure to comply with RSCH Rule 1.9.

Briefing for this appeal was completed on September 23, 2024. NRP again moved to admit Davis *pro hac vice* on December 23, 2024. We entered an order of no oral argument on November 28, 2025. See Hawaiʻi Rules of Appellate Procedure Rule 34(a). NRP's December 5, 2025 motion for retention of oral

argument is denied.  NRP's pending motion for Davis to appear *pro hac vice* is dismissed as moot.

The March 25, 2024 *Judgment* for the City and County of Honolulu Department of Enterprise Services and against NRP is affirmed.

DATED: Honolulu, Hawaiʻi, January 28, 2026.

On the briefs:

Cheryl Nolan,
for Petitioner-Appellant.

Daniel M. Gluck,
Jacqueline M. De Leeuw Huang,
Patricia A.V. Sendao,
Deputies Corporation Counsel,
City and County of Honolulu,
for Respondents-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

CONCURRING OPINION BY WADSWORTH, J., IN WHICH GUIDRY, J., JOINS

I join the court's opinion in Parts (2) and (3). I respectfully concur in Part (1) and write separately to more fully explain my position.

Mari and Vaigai are two Asian elephants in residence at the Honolulu Zoo. Petitioner-Appellant Nonhuman Rights Project (**NRP**) filed a petition for a writ of habeas corpus on the elephants' behalf, seeking to end their captivity in the zoo and move them to a less confining environment – a "rewilding" facility in Asia or "a suitable elephant sanctuary in the United States or Brazil." The Circuit Court granted a motion to dismiss the petition brought by the City and County of Honolulu and related defendants. NRP appealed to this court.

In the petition, NRP alleges and provides supporting declarations opining, in summary, that "[e]lephants are autonomous and extraordinarily cognitively complex beings" and "[z]oo captivity physically and psychologically harms elephants." For purposes of this appeal, we do not dispute the evolving understanding that elephants are intelligent creatures deserving proper care and treatment.

But Mari and Vaigai are plainly not "persons" within the ordinary definition and common meaning of the word. In Hawaiʻi, the writ of habeas corpus is made available only to "persons." Specifically, Hawaii Revised Statutes (**HRS**) § 660-3 (2016) authorizes the supreme court and the circuit courts to issue writs of habeas corpus "in cases in which <u>persons</u> are unlawfully restrained of their liberty[.]"[1] (Emphasis added.)

---

[1] We further note that Article I, section 15 of the Hawaiʻi Constitution, states:

> The privilege of the writ of habeas corpus shall not be suspended unless, when in cases of rebellion or invasion, the public safety may require it.

> The power of suspending the privilege of the writ of habeas corpus, and the laws or the execution thereof, shall never be exercised except by the legislature, or by authority derived from it to be exercised in such particular cases only as the legislature shall expressly prescribe.

Section 15 does not purport to define the writ more broadly than the legislature has or to otherwise override the provisions of HRS chapter 660, the original version of which was adopted in 1870. <u>See</u> <u>Eason v. State</u>, 157 Hawaiʻi 252, 269, 576 P.3d 765, 782 (2025).

NRP argues that HRS chapter 660 "merely governs habeas corpus procedure, not substantive entitlement to the common law right to bodily liberty that habeas corpus protects."  This argument presents a false dichotomy, obscuring a central feature of the habeas corpus remedy; it <u>is</u> – and <u>was</u> at common law – a <u>procedural vehicle</u> intended to secure the liberty rights of persons who are unlawfully imprisoned or restrained.  <u>See</u> HRS § 660-3; <u>In re Apuna</u>, 6 Haw. 732, 734 (Haw. Kingdom 1869).  HRS chapter 660 prescribes, among other things, the courts that may issue that procedural vehicle, and the manner and conditions under which it may be exercised.  As much as we may sympathize with the plight of Mari and Vaigai, we are not at liberty to ignore the legislature's clear directive in this regard.  <u>See</u> <u>Brown v. Goto</u>, 16 Haw. 263, 265 (Haw. Terr. 1904).

That is not to say that elephants like Mari and Vaigai have no available remedy in our constitutional system – NRP can petition the legislature for the change in the law it seeks.[2]  The Hawaiʻi legislature has shown itself quite capable of providing for the safety and welfare of nonhuman animals, while navigating their complicated relationship with humans.  For example, Hawaiʻi statutes prohibit and penalize various forms of cruelty to animals, including depriving a "pet animal" of "necessary sustenance" or confining the animal in a kennel or cage in a cruel or inhumane manner.  HRS § 711-1109 (2014 & Supp. 2021) (penalizing the offense of cruelty to animals in the second degree); <u>see</u> HRS § 711-1108.5 (2014) (penalizing cruelty to animals in the first degree); HRS § 711-1100 (2014 & Supp. 2015) (defining "animal" as "every living creature, except a human being" and "necessary sustenance" as care sufficient to preserve the health and well-being of a pet animal, including adequate food, water, shelter, and veterinary care).  These and other laws affecting the treatment of nonhuman animals not only recognize the legal distinction between human beings and other animals, but also demonstrate the willingness of the legislature to enact

---

[2]  NRP characterizes such a suggestion as an "abdication of judicial duty . . . ."  We cannot abdicate a duty that the rule of law has not imposed upon us.

statutory protections for nonhuman animals in specific circumstances.  As the relationship between human beings and other animals continues to evolve, NRP is free to direct its effort to hasten that evolution and to develop and strengthen laws that safeguard animals like Mari and Vaigai to the legislature.  The writ of habeas corpus, however, is not an available remedy in these circumstances under current Hawaiʻi law.

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge