KONA COFFEE COMPANY, Limited, VICTOR J. CAP-
RON and JAMES F. MORGAN *v.* THE THIRD CIR-
CUIT COURT and CIRCUIT JUDGE of the THIRD
JUDICIAL CIRCUIT, EDWARD B. BARTHROP and
JOSEPH SCHLUMP.

PROHIBITION.

SUBMITTED DEC. 21, 1896.          DECIDED JAN. 14, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

A writ of prohibition will not be quashed on motion when neither
the Circuit Court to which it was addressed nor the parties plain-
tiff prosecuting the case made answer, and where the said Circuit
Court was clearly incompetent to exercise jurisdiction in equity,
the exercise of which was the ground upon which the prohibition
was obtained.

The several Circuit Judges and not the Circuit Courts have jurisdic-
tion in equity.

Jurisdiction over the subject matter cannot be conferred by waiver.

OPINION OF THE COURT BY JUDD, C.J.

A bill in equity begun by Edward B. Barthrop and Joseph
Schlump against the Kona Coffee Company, Limited, Victor J.
Capron and James F. Morgan, had been pending for some time
in the Circuit Court of the Third Judicial Circuit, Austin,
Judge, presiding, and various proceedings had been taken
therein.

At the last September term of this court the defendants in the
suit (plaintiffs herein) applied to this court for a writ of pro-

hibition to forbid the said Circuit Court of the Third Judicial Circuit, and its Judge, from taking further cognizance of said suit, and the said Edward B. Barthrop and Joseph Schlump from further prosecuting said suit. The ground upon which the writ was asked for was that the cause had been brought in the Circuit Court of the Third Judicial Circuit, which had not jurisdiction in equity. We found that this contention was correct and sufficient cause shown, and issued the writ.

The Circuit Court to which it was issued made no answer, nor did the parties prosecute the case, although the statute provides (Sec. 19 of the statute defining the writ, p. 590, Comp. Laws) that if the inferior court or party prosecuting shall believe the inferior court competent, he or they may file a written answer to the writ, after which the court issuing it shall pronounce summarily on the matter.

At the ensuing term of this court, counsel for plaintiffs in the former case (defendants herein) moved this court to quash the writ, and claimed that his motion should be taken as the statutory answer, as being the same in effect.

We are of the opinion that the statute requires an "answer," and though the time is not prescribed in which the answer must be filed, the nature of this special proceeding requires that it be done forthwith, or within a reasonable time. But, waiving in this case the nature of the pleading, we find that it has no merits. Reference to the 37th Sec. of the Act to Reorganize the Judiciary (Chap. 57, Laws of 1892) makes it plain that judges of the Circuit Courts at chambers have jurisdiction in equity, and this jurisdiction is not conferred by any law in force upon Circuit Courts. See *Wailuku Sugar Company v. W. H. Cornwell, ante*, p. 476.

The point is made in support of the motion that the applicants for the writ have waived all objections to the jurisdiction of the Circuit Court by answering to the merits of the bill. The answer to this is that parties cannot by waiver confer jurisdiction of the court over the subject matter. The statute defining the

writ, in Sec. 20, allows it to issue even after judgment is entered and execution has issued. Other points made are without merit.

The motion is denied.

*G. F. Little,* for the motion.

*Thurston & Stanley,* contra.