### JOAQUIN SILVA *v.* J. F. SOUZA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 8, 1902.     DECIDED FEBRUARY 17, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action for damages for removing and appropriating a division fence, the property of the plaintiff, and for the construction of a new fence on plaintiff's land near the division line, being a picket fence 30 feet in length and six feet high, a judgment in favor of the plaintiff for $336 is excessive.

Where an appeal is taken from a judgment of a district magistrate to

a circuit judge at chambers, the circuit court has no jurisdiction to hear and determine the cause.

### OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff sued the defendant in the District Court of Honolulu for trespass, claiming damages in the sum of $300. The district magistrate rendered judgment in his favor for .$10.00 and costs. On appeal the cause was submitted on the record and evidence certified from the lower court. Judgment was given for the plaintiff for the full amount of his claim with interest from the date of the trespass amounting to $336. To the entry of this judgment the defendant duly excepted and, in this court, contends, (a) that the judgment is contrary to the law and the evidence and the weight of the evidence; (b) that the judgment is excessive.

The evidence is meagre and unsatisfactory. It appears that the parties are neighbors and reside on adjoining lots; that there was a division fence near the line separating the house lots of the parties and that this fence belonged to the plaintiff and was erected entirely on his premises; that the defendant against the protests of the plaintiff removed this fence and replaced it with a new one; that the new fence was about 30 feet long and six feet high, and was higher than the old one; that the old fence had been there for 15 years; that the new fence is constructed of pickets made of battens nailed to posts set in the ground; that three men in one day removed the old fence and constructed the new one; that the defendant appropriated the old fence to his own use.

It is clear that the plaintiff's rights were invaded by the defendant and that he should recover judgment for the amount of the injury suffered. (C. L. Sec. 1241.) How to determine this amount under the evidence is the difficult question. The only evidence in the record as to the amount of damages is that given by the plaintiff, and on this the circuit court based its judgment. This evidence is as follows: "I am damaged by the fence he had taken down and fence he put up. I value my damage at

$300." On cross-examination he further testified: "I arrive at damages of $300 by my telling not to take old fence down and giving bad appearance of premises by new fence and by the fence being too high; it shuts off the view. It prevents me from seeing the mountains and houses in the rear." The proper measure of damage in this case is full compensation for the injury to plaintiff's property caused by the acts of the defendant in removing and appropriating the old fence and the construction of the new "the natural and proximate consequences of the act complained of."

From the evidence it is impossible for us to determine with certainty what this amount is. Ordinarily we might indulge the presumption that the judgment appealed from was correct. This cannot be done in this instance for the reason that the record shows that the circuit court had before it only the evidence that is before us, i. e., that certified from the district court.

It appears that the elements relied on as going to make up the total of damage claimed by the plaintiff consist of: (1) the fact that he told the defendant not to remove the old fence; (2) that the new fence is higher than the old, gives a bad appearance to the premises and cuts off the view; (3) the appropriation of the old fence by the defendant.

The first is a claim for exemplary damages. The record clearly shows that this is not a proper case for the allowance of such damage. The second element is a proper claim for damages, the fence being upon the plaintiff's land, but under the evidence it cannot be estimated. We know that it could not be very great, possibly what it would cost to saw off the excess in height of the new fence above the old or to remove it altogether. (*Jones v. Erie and W. V. R. Co.*, 17 L. R. A. 763.)

Under the third element the plaintiff is entitled to recover the value of the old fence appropriated by the defendant.

Under the general rule for the assessment of damages, "A witness is not allowed to give his opinion of the amount of damages a party sustains from a given act or omission, because when

he does so he includes the law as well as the fact. It is the province of the jury to assess the damages according to the rule of law, which it is the province of the court to lay down for their guidance; and witnesses are allowed only to furnish the data from which the amount is arrived at. And where the injury consists of distinct elements, it is not competent to ask a witness to make a general estimate, but he should be asked to estimate the specific items separately." (1 Sutherland, Damages, pp. 794-5.) See also *Sharon Town Co. v. Morris et al.,* 18 Pac. 230; *Upcher et al. v. Oberlander,* 31 Pac. 1080; *Howell et al. v. Medler,* 41 Mich. 641.

We are of the opinion that the plaintiff is entitled to damages. How much it is not possible to know with certainty, but it is clear that he is not entitled to the amount given by the judgment appealed from. This is excessive. The new fence is wholly upon the plaintiff's land. He can at slight expense remove it or remodel it to suit his taste and thus restore the view and appearance of the premises to the same condition as before the trespass. If the limbs cut from the trees were overhanging the division line the plaintiff sustained no injury by the act of removing them. (*Andrea Grandona v. Ole Olson Lovdal,* 78 Cal. 611.)

Although this case came before us on a bill of exceptions from a judgment of the Circuit Court of the First Circuit, and we have passed upon the exceptions, still it appears from the record that the appeal was taken to the Circuit Judge at chambers. The judgment excepted to was rendered by the Circuit Court without jurisdiction. The exceptions are sustained and the cause remanded to the Circuit Judge with direction to grant a trial at chambers.

*J. M. Vivas* for plaintiff.

*J. T. De Bolt* for defendant.