## KALA v. HARRY T. MILLS.

EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

SUBMITTED JANUARY 25, 1904. DECIDED FEBRUARY 20, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The appellant's note of appeal and appeal bond to the Circuit Court or Judge control the Magistrate's certificate of appeal in case of an inconsistency.

An appeal to a "circuit court, general appeal, in chambers" is an appeal to a Circuit Judge at Chambers and should not be dismissed for uncertainty.

OPINION OF THE COURT BY FREAR, C.J.

The defendant noted an appeal from a judgment of the District Court of South Kona to the "Circuit Court, 3rd Circuit, Territory of Hawaii. General Appeal. In Chambers." His appeal bond, which was for $20, recited that he had appealed to the "Circuit Court of the Third Circuit, Territory of Hawaii, in Chambers." But the Magistrate's certificate of appeal stated that the appeal was to the "Circuit Court of the Third Judicial Circuit, Territory of Hawaii." The Circuit Court dismissed the appeal on the ground that it was "impossible to accurately determine which of the three remedies given by statute this defendant desires to avail himself of." The defendant took an exception.

The Magistrate's certificate was clear to the effect that the appeal was to the Circuit Court, that is, a general appeal involving a jury trial, but that is inconsistent with the defendant's note of appeal and bond and is not required by any statute or

rule of court. It cannot control the note of appeal and bond. These both show an intention to take a general appeal to be tried at chambers. If they had stated that the appeal was to the Circuit Judge instead of to the Circuit Court in chambers, there would be no doubt whatever. The question is whether using the word "court" instead of "judge" was fatal. It is evident that the appeal intended was not to the Circuit Court with a jury, or to the Circuit Court without a jury, or to the Circuit Court on points of law, and of course it was not to the Supreme Court on points of law. If it was a valid appeal at all, it was to the Circuit Judge at chambers. Are the words "general appeal" and "in chambers" sufficient to justify holding that the appeal was a general appeal to the Circuit Judge at chambers, notwithstanding the use of the words "circuit court" instead of "circuit judge"? In our opinion, they are. Indeed, the usual title of petitions and processes and other papers before Circuit Judges at chambers is "In the Circuit Court of the . . . . . . . . Circuit, at Chambers." Doubtless the words "circuit judge" are the more usual and appropriate in the body of papers and should be used in order to avoid confusion and doubt, but the use of the words "circuit court in chambers" is not fatal.

The Circuit Court therefore was without jurisdiction to dismiss the appeal, for it was taken to the circuit judge at chambers. Accordingly, following the course pursued in *Silva v. Souza,* 14 Haw. 46, the exception is sustained and the case remanded to the Circuit Judge for such further proceedings as may be proper and consistent with this opinion.

*J. L. Kaulukou* for plaintiff.

*J. A. Magoon* and *J. Lightfoot* for defendant.