H. KENDALL *v.* C. S. HOLLOWAY, Superintendent of Public Works, T. R. LUCAS, C. LUCAS and J. LUCAS, partners under the name of LUCAS BROTHERS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JULY 15, 1904.          DECIDED JULY 18, 1904.

FREAR, C.J., HARTWELL, J., AND CIRCUIT JUDGE GEAR IN PLACE OF HATCH, J., DISQUALIFIED.

JURISDICTION—*Circuit Judge, title and address of bill in equity.*
> A bill in equity should not be dismissed in the appellate court merely because its title and address describe the court as the "Circuit Judge" without the words "at Chambers".

TRANSCRIPT OF EVIDENCE.
> Leave to file a transcript of the evidence is denied for noncompliance with rule 4 of the Court.

### OPINION OF THE COURT BY FREAR, C.J.

This is an appeal by the defendant Holloway from a decree enjoining him as Superintendent of Public Works and the other defendants as contractors from entering into a proposed contract under which the latter defendants were to construct a school building and two dormitories at Lahainaluna, Maui, for the sum of $35,516, in accordance with a tender made by them in response to an advertisement by the Superintendent calling for tenders,—the ground of the injunction being that after advertisement a change was made in the specifications without a new advertisement.

In this court the appellant moved for the first time to dismiss the bill on the ground that it was not brought in any court

having jurisdiction thereof—the argument being that it was before the Circuit Judge whereas it should have been before the Circuit Judge at Chambers. It is contended that this, as a question of jurisdiction, may be raised at any stage in the case. Jurisdiction was in fact taken by the Circuit Judge at Chambers. The summons was a chambers summons. The bill is in the usual form of a bill in equity and therefore cognizable only by a Circuit Judge at Chambers. It is also entitled a bill for an injunction and the answers are further entitled in equity. The only foundation for the contention made seems to be that the description of the court in the title is "Before a Circuit Judge of the Circuit Court of the First Circuit, Territory of Hawaii" without the words "at Chambers" and that the bill is addressed "To the First Judge of the Circuit Court of the First Circuit, Territory of Hawaii" without the words "at Chambers". The address need not contain the words "at chambers". It has been customary here as well as elsewhere to address bills in equity to the judge or the chancellor without the words "at chambers" and there is nothing in our statutes requiring a different practice. As to the description of the court in the title, the statute makes no specific requirement. The contention is that the words "at chambers" are essential because the statute confers the jurisdiction upon the "Circuit Judges at Chambers" and not upon the "Circuit Judges." (C. L., Sec. 1145, as amended by Laws of 1903, Act 32, Sec. 11; *Hind v. Wilders' S. Co.,* 14 Haw. 215, 223), and that there is therefore no court known as that of a "Circuit Judge"; that there are but two classes of courts presided over by Circuit Judges, namely, "Circuit Courts" proper, that is, at term, and the courts of "Circuit Judges at Chambers". Even if the form of the title of the court in the bill should be given the importance attached to it by counsel, the title in this instance could not be held fatally defective. The words "Circuit Judge" are often used both in the statutes and in practice as synonymous with "Circuit Judges at Chambers". When the bill as a whole is considered, it is obvious that it was intended to be brought, as it was in fact brought, before the Circuit Judge

at Chambers. The usual title in matters of this kind is "In the Circuit Court of the ...... Circuit, Territory of Hawaii, at Chambers," and this doubtless is sufficient, though not strictly in conformity with the statute. *Kala v. Mills,* 15 Haw. 422. The words "at Chambers", or their equivalent should be used in describing the court in chamber cases when the words "Circuit Judge" are used as well as when the words "Circuit Court" are used, though the necessity is naturally much greater in the latter case because "Circuit Court" without the words "at Chambers" means at term, but the absence of such words cannot be regarded as fatal when the words "Circuit Judge" are used under circumstances like those in the present case. This case is very different from that of *Kona Coffee Co. v. Circuit Court,* 10 Haw. 571, in which a bill in equity was entitled, brought and heard in the Circuit Court at term.

The appellant further sought to show that the complainant was not a taxpayer and so not entitled to bring this suit. For the purpose of showing this he moved for a postponement of further hearing for the purpose of enabling him to obtain a transcript of the evidence and for leave to file it when obtained. This motion was denied on the ground that no sufficient showing was made for failure to obtain the transcript as required by rule 4 of this court.

There being no other question in the case before this court, the decree appealed from is affirmed.

*Ballou & Marx* for plaintiff.

*M. F. Prosser, Assistant Attorney General,* for defendant Holloway.