IN THE MATTER OF THE APPLICATION OF A. W. CARTER, GUARDIAN OF THE PROPERTY OF ANNIE T. K. PARKER, A MINOR, FOR A WRIT OF PROHIBITION AGAINST THE HON. GEO. D. GEAR, SECOND JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT, AND J. S. LOW, NEXT FRIEND OF ANNIE T. K. PARKER.

ORIGINAL.

ARGUED OCTOBER 20, 1904.          DECIDED JANUARY 28, 1905.

FREAR, C.J., HATCH, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF HARTWELL, J.

CIRCUIT COURT OR JUDGE—*case pending before which.*

Under the circumstances set forth in the opinion, it is held that a proceeding for the removal of a guardian was brought and pending before the circuit judge at chambers and not before the circuit court, although some of the papers were endorsed in the circuit court.

CIRCUIT JUDGE—*power to enjoin proceedings before another circuit judge.*

A circuit judge at chambers in probate is not absolutely without power to restrain a guardian in a guardianship matter pending before him from procuring a hearing on the merits of a suit for partition begun by the guardian on behalf of his ward before another circuit judge pending proceedings for the removal of the guardian before the judge issuing the restraining order. A writ of prohibition against further proceedings under the restraining order and to annul that order is denied.

OPINION OF THE COURT BY FREAR, C.J.

For several years the matter of the guardianship of Annie T. K. Parker, a minor, has been before a circuit judge of the first circuit at chambers in probate, and the petitioner, A. W. Carter, has been the guardian of her property with the usual duties of such a guardian, including the duty of making an annual accounting before the circuit judge sitting in probate. On June 8, 1904, the respondent, J. S. Low, as next friend of the minor, filed a motion or petition in the matter of the guardianship of said minor for the removal of the guardian. On the day following the guardian instituted a suit before the circuit judge of the third circuit at chambers in equity against Samuel Parker, F. Wundenberg and E. P. Low for the partition of a large amount of real estate and a division of live stock, situated partly in the third circuit and partly in the fourth circuit, which make up an extensive ranch owned in part by said Samuel Parker and in part by the said minor. On the 27th of July following the respondent Low filed an amended petition for the removal of the guardian in which, among other things, there was added as one of the grounds for the removal of the guardian his institution of the suit for partition, and on the 30th of July the said Low petitioned the other respondent, the second judge of the first circuit, before whom the petition for the removal of the guardian was pending, for an order restraining the guardian from procuring a hearing in the partition suit on the merits until the further order of the probate judge. Such restraining order was issued a few days later. The guardian then brought this petition for a writ of prohibition to prevent the respondents from proceeding further upon the restraining order and to procure an annulment of that order.

Aside from several minor points raised by counsel, which it will be unnecessary to notice, the argument of the applicant for the writ is in substance that if the petition for the removal of the guardian was in the circuit court, the court was without jurisdiction because only the judge at chambers as distinguished

from the court has jurisdiction of probate and equity matters. (*Kona Coffee Company, Ltd., v. Circuit Court,* 10 Haw. 571), and if, on the other hand, that petition was before the judge at chambers, the judge was without jurisdiction for the reason that a court of equity cannot issue an injunction against proceedings in another court of equity of co-ordinate jurisdiction.

Although the present applicant for the writ alleged that the petition for removal was brought before a circuit judge, he now contends that it was before a circuit court and apparently was led to change his view in this respect by the contention of the respondents that the petition for removal was in the circuit court. As we understand the respondents' view, however, their contention is, not that that petition was before the circuit court as distinguished from the circuit judge at chambers, on the theory that the circuit court and the court of the circuit judge at chambers are distinct courts, but that it was in the circuit court on the theory that matters before the circuit judge as well as those before the circuit court, are in the circuit court,—the terms "circuit court" and "circuit judge at chambers" being used merely to indicate the two sides, namely, the law and equity sides, of that court. For an amplification of these distinctions see *Carter v. Second Judge,* ante, 242. We presume, however, that it is of little consequence what the theory of the respondents is in this respect. The question is whether the petition for removal was before the circuit court or before the judge at chambers. It is conceded that the title "In the circuit court of the first circuit, Territory of Hawaii, at chambers," is not alone sufficient to show that that matter was before the circuit court as distinguished from the circuit judge at chambers. See *Kala v. Mills,* 15 Haw. 422; *Kendall v. Holloway,* 16 Haw. 45. But it is contended that the petition for removal was actually filed in the circuit court because the words "circuit court," etc., without the words "at chambers" were endorsed (by counsel) on the petition over the file mark of the clerk, and because various other endorsements and captions of papers in that matter, in which endorsements and captions there is much diversity, point in the

same direction. In our opinion, however, the record as a whole shows clearly that the proceedings for removal were before the judge at chambers in probate. The title of the petition, the summons and other titles and endorsements of papers in that matter, and more particularly the fact that the clerk, the judge and the attorneys all proceeded on that theory, and that the hearings were actually had at chambers, that is, not at term, clearly show this. It may be added that the motion or petition for removal was made in the guardianship matter, which, it is undisputed, was before the judge at chambers.

On the alternative theory that the removal proceedings were before the judge at chambers, the applicant for the writ, as already stated, contends that the judge at chambers had no power or jurisdiction to issue an order restraining proceedings before the circuit judge of the third circuit, that is, before a court of equity of co-ordinate jurisdiction, and in this particular instance not only of co-ordinate but also of exclusive jurisdiction so far as the judge of the first circuit was concerned, because partition proceedings may be brought only in a circuit in which the real estate or a portion thereof is situated. C. L. Sec. 1146, as amended by Laws of 1903, Act 32, Sec. 12.

It is no doubt a general rule that one court of equity should not enjoin proceedings in another court of equity, but this rule has its qualifications and should not be applied further than the reasons upon which it rests require. The same rule applies to injunctions against actions at law as well as proceedings in equity, although, naturally, not to the same extent. In either case, of course, it is not the court but the party that is enjoined. In general one court should not enjoin proceedings in another where the latter is equally competent to do justice between the parties. Any other course would lead to conflict and tend to deprive the parties of their rights altogether by permitting each court to enjoin proceedings in the other.

Whether there are any cases in which a court, having jurisdiction to issue injunctions or restraining orders under ordinary circumstances, would be absolutely without jurisdiction to issue

an injunction or restraining order when and because the subject of the injunction is a proceeding in another court of equity, so that the order should be held void on a writ of prohibition, we need not say. Is not appeal to test the correctness or propriety of the order the proper remedy rather than prohibition or some other remedy based on the theory that the order is absolutely void? See *Erie Ry. Co. v. Ramsey*, 45 N. Y. 637. However that may be, it is clear that an injunction of this sort is not void or even erroneous in all cases even as between courts of equity. An obvious instance in which such an injunction may be highly proper is in the case of interpleader proceedings, the very object of which is to settle all rights in one proceeding. Another instance is where the object is to prevent a multiplicity of suits. In other cases it seems to be considered largely a matter of sound discretion under all the circumstances. For instance, in *McCullough v. Absecom L. I. Co.*, 10 Atl. (N. J.) 606, an order was made, in a suit in equity to quiet title, restraining, upon a consideration of all the circumstances of the case, one of the parties from proceeding in another suit in equity for partition.

It may be that a court of equity may go far in protecting the rights of infants by declining to entertain suits for partition or other purposes brought by next friends when it does not appear that such suits are for the infants' best interests. See *Ames v. Ames*, 148 Ill., 321, 337; *Fox v. Suwerkrop*, 1 Beav., 583; *Sale v. Sale*, 1 Beav., 586; *Walker v. Else*, 7 Sim. 234. In such cases ordinarily there would be no occasion for another court to interfere. Moreover, a next friend is an officer of the court in which the suit is brought and not, as is the guardian in the present case, an officer of the court issuing the restraining order. It may be also that a court of probate has not the same degree of control over a guardian that a court of equity has over a receiver appointed by it,—on the theory that a guardian or receiver is an officer of the court appointing him; also that a guardian has a certain status that is more or less independent and that carries considerable discretionary power. See *De Greayer v. Superior Court*, 117 Cal. 640; *Townsend v. Kendall*, 4 Minn. 412. And

yet these considerations do not necessarily lead to the conclusion that the judge exceeded his jurisdiction in issuing the restraining order in question. The guardianship proceedings had long been before the probate judge. Even the petition for the removal of the guardian was filed before the partition suit was instituted. The institution of that suit is one of the grounds for such removal. The question of the suitability of the guardian to represent the ward is raised in the removal proceedings. If those proceedings should result in the removal of the guardian, large costs might unnecessarily be incurred against the ward's property in the partition proceedings, if the latter should be allowed to proceed during the pendency of the removal proceedings. The infant's rights might not be as well protected in the partition proceedings as in proceedings brought directly for the purpose of inquiring into the conduct and motives of the guardian. The court in the equity proceedings would have no control over the guardian as such. It would merely have control of the suit. The guardian is an officer of the probate court and to some extent at least subject to its control. The power to issue a restraining order would seem to be a proper power incidental to removal proceedings. See C. L., Sec. 1151. There is reason why a probate court should in the interests of its infant ward in a guardianship matter pending before it have greater control over a guardian appointed by it than an equity court should have over an independent person. This seems to be recognized, at least by statute, in some cases. See *In re Plumb,* 4 N. Y., Supp. 135. The propriety of issuing the restraining order in this instance cannot be inquired into upon prohibition. The question of power is the only one that can be considered. It is true no case has been cited by the respondents in which a probate judge has issued an order restraining a guardian from proceeding in a court of equity on behalf of his ward, but it is equally true that no case has been cited contra. The parties on both sides have been obliged to argue from analogy and on principle. We cannot find that a circuit judge sitting in pro-

bate is absolutely without such power under the particular circumstances of this case so as to justify the issuance of a writ of prohibition.

The petition for a permanent writ is denied and the temporary writ is dissolved.

*Ballou & Marx; Kinney, McClanahan & Cooper;* and *Robertson & Wilder* for petitioner.

*J. A. Magoon* and *J. Lightfoot* for respondents.