# IN THE MATTER OF THE APPLICATION OF LUCAS CANDIDO FOR A WRIT OF HABEAS CORPUS.

## No. 1935.

ARGUED OCTOBER 24, 1930.     DECIDED NOVEMBER 12, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from a decision and judgment rendered in a habeas corpus proceeding. The decision and judgment were in favor of the petitioner and the case is therefore here on the respondent's appeal. One of the contentions of the appellants (and for reasons that will be noted later the only one we will at this time consider) is that it appears from the record that the proceeding was instituted and prosecuted in the circuit court of the first judicial circuit, as distinguished from the circuit judge at chambers, and was therefore heard and determined by a tribunal that under our statutes was without jurisdiction of the subject matter and therefore without jurisdiction to render the decision and judgment appealed from.

Section 2247, R. L. 1925, provides that "the several circuit courts shall have jurisdiction, subject to appeal and exceptions to the supreme court according to law, as follows:" Then follows a specific enumeration of the kind of cases and proceedings concerning which the circuit courts were given jurisdiction. Jurisdiction to issue writs of habeas corpus is not included. Section 2248, R. L. 1925, provides that "the judges of the several circuit courts shall have power at chambers within their respective jurisdictions, but subject to appeal to the circuit and supreme courts, according to law, as follows:" Then follows a specific enumeration of the matters and proceedings concerning which the circuit judges at chambers were given jurisdiction. The seventh enumeration is as follows: "To issue writs of habeas corpus according to law." It is apparent from these two sections that the legislature in-

tended to divide jurisdiction and to confer upon circuit judges at chambers and not upon circuit courts jurisdiction to issue writs of habeas corpus. If further proof of the legislative intent were needed it is found in section 2727, R. L. 1925, which is as follows: "The supreme court, the justices thereof and the circuit judges may in their discretion issue writs of habeas corpus in cases in which such writs are not demandable of right as well as in cases in which they are demandable of right."

If therefore it affirmatively appears from the record in the instant case that the proceeding was brought in the circuit court and not before the circuit judge at chambers and that the writ was issued by the circuit court and not by the judge at chambers, then it is clear that the court issuing it was without jurisdiction to do so. The case of *High Sheriff* v. *Goto,* 16 Haw. 263, is decisive of this point. In that case the writ was issued by the circuit court and not by the circuit judge at chambers and it was held that the court, under statutes similar to those above referred to, exceeded its jurisdiction and the judgment of the court below was reversed.

It only remains to ascertain from the record by what authority the writ before us was issued.

The petition is entitled "In the Circuit Court of the First Judicial Circuit Territory of Hawaii," and is addressed "To the Honorable, The Presiding Judge in the Above-entitled Matter." Following this are certain allegations regarding the imprisonment of the petitioner and the official character of the respondents. The fourth clause of the petition is as follows: "That on or about the 11th day of September, 1929, the said Marshall B. Henshaw, Bernice Dwight Spitz and J. B. Guard, composing the board of prison inspectors aforesaid, did order and direct the said John C. Lane, high sheriff and warden of Oahu Prison as aforesaid, to inflict or cause to be inflicted upon

the said Lucas Candido, certain cruel and unusual punishment, to wit, a flogging with a cat-o'-nine-tails, and the said John C. Lane will, if not restrained and prevented by this honorable court, inflict such punishment on said Lucas Candido." Then follow certain other allegations which it is not necessary to recite. The prayer of the petition is: "Wherefore, to be relieved of said unlawful detention and imprisonment for the purposes aforesaid, to wit: the flogging of your petitioner as aforesaid, the said Lucas Candido, by Lorenzo Sequito prays that a writ of habeas corpus be issued herein directed to the said John C. Lane, high sheriff as aforesaid and warden of Oahu Prison; Marshall B. Henshaw, Bernice Dwight Spitz and J. B. Guard, composing the board of prison inspectors aforesaid, and that your petitioner may be forthwith brought before this honorable court to do, submit to and receive what the law may direct." An order to show cause, entitled "In the Circuit Court of the First Judicial Circuit Territory of Hawaii," and directed to the respondents was issued. This order to show cause is as follows:

"The Territory of Hawaii

"To

"John C. Lane, High Sheriff of the Territory of Hawaii and Marshall B. Henshaw, Bernice Dwight Spitz and J. B. Guard, members of the Board of Prison Inspectors in and for the First Judicial Circuit, Territory of Hawaii, Greeting

"On reading and filing the petition of Lucas Candido, by Lorenzo Sequito, his next friend, for a writ of habeas corpus herein, and good cause appearing therefor,

"It is hereby ordered that John C. Lane, high sheriff of the Territory of Hawaii and warden of Oahu Prison, Marshall B. Henshaw, Bernice Dwight Spitz and J. B. Guard, be and appear before this honorable court on the 26th day of September, 1929, at the hour of 2:00 o'clock

P. M. on said day, and then and there show cause, if any they have, why a writ of habeas corpus should not be issued as prayed for; and in the meantime you, the said John C. Lane and Marshall B. Henshaw, Bernice Dwight Spitz and J. B. Guard will desist from inflicting any corporal punishment on the said Lucas Candido, until further order of the court;

"It is further ordered that a copy of this order and the petition for a writ of habeas corpus be forthwith served on the said John C. Lane, Marshall B. Henshaw, Bernice Dwight Spitz and J. B. Guard, if they can be found in the Territory, by the sheriff of the City and County of Honolulu, his deputy or a police officer thereof.

"Dated at Honolulu, T. H., this 24th day of September, A. D. 1929.

(Signed)  "Charles S. Davis"  (Seal)

A written decision, entitled "In the Circuit Court of the First Judicial Circuit Territory of Hawaii," and signed "Charles S. Davis Third Judge, Circuit Court, First Judicial Circuit, Territory of Hawaii," was rendered. Following the decision a judgment, entitled "In the Circuit Court of the First Judicial Circuit Territory of Hawaii," and signed "Charles S. Davis Judge of the above-entitled Court," was entered. This judgment is as follows:

"The above-entitled matter being at issue upon the petition filed herein on behalf of Lucas Candido above-named and the return to the order to show cause, and the parties being present in court by their respective counsel, E. J. Botts, Esquire, appearing on behalf of petitioner, and C. Nils Tavares and E. R. McGhee of the office of the attorney general, appearing on behalf of John C. Lane, high sheriff of the Territory of Hawaii and warden of Oahu Prison, and Marshall B. Henshaw and Bernice Dwight Spitz, members of the board of prison inspectors of the first judicial circuit, Territory of Hawaii, respondents;

and the matter being duly submitted on the pleadings, stipulations and argument of counsel, the court took the same under advisement and did on the 23rd day of October 1929 render his decision in writing, now on file herein;

"Now therefore, pursuant to said decision, John C. Lane, high sheriff of the Territory of Hawaii and warden of Oahu. Prison, and Marshall B. Henshaw and Bernice Dwight Spitz, members of the board of prison inspectors for the first judicial circuit, be and they are and each of them is ordered and directed to refrain and desist from inflicting or causing to be inflicted, the punishment of flogging with a cat-o'-nine-tails on the person and body of the said Lucas Candido during his confinement in said Oahu Prison. And subject to the foregoing, the said Lucas Candido is remanded to the custody of John C. Lane, warden of Oahu Prison aforesaid."

It is apparent from the petition and the orders and the decision and the judgment made with reference thereto that the proceedings were had in the circuit court and not before the circuit judge at chambers. The heading of each of these documents is "In the Circuit Court of the First Judicial Circuit Territory of Hawaii," and the allegation of the petitioner is that "if not restrained and prevented by this honorable court" the respondent John C. Lane will inflict upon Lucas Candido the punishment described in the petition. The petitioner prays that he may be forthwith brought before "this honorable court" to do, submit to and receive what the law may direct. In the order to show cause the respondents are commanded to "appear before this honorable court" on a specified date to show cause why a writ of habeas corpus should not issue. The decision is signed "Charles S. Davis Third Judge, Circuit Court, First Judicial Circuit, Territory of Hawaii." In the judgment reference is made to the "court" and not to the circuit judge at chambers.

There is nothing in the foregoing portions of the record to indicate that the jurisdiction of the circuit judge at chambers was invoked or exercised. On the contrary they all indicate that the jurisdiction of the circuit court at term was invoked and exercised. In *Kendall* v. *Holloway*, 16 Haw. 45, there was a motion to dismiss a bill in equity on the ground that the description of the court in the title was "Before a Circuit Judge of the Circuit Court of the First Circuit, Territory of Hawaii," without the words "at chambers," and that the bill was addressed "To the First Judge of the Circuit Court of the First Circuit, Territory of Hawaii," without the words "at chambers." This court held that the description of the tribunal in which the suit was brought and the designation of the tribunal to which the bill was addressed were sufficient to confer jurisdiction in an equity case. Suits in equity at that time, like petitions for writs of habeas corpus now, were cognizable only by a circuit judge at chambers. In its discussion of the question before it the court said (in the *Kendall* case) : "The usual title in matters of this kind is 'In the Circuit Court of the ........................ Circuit, Territory of Hawaii, at Chambers,' and this doubtless is sufficient, though not strictly in conformity with the statute. *Kala* v. *Mills,* 15 Haw. 422. The words 'at chambers,' or their equivalent should be used in describing the court in chamber cases when the words 'circuit judge' are used as well as when the words 'circuit court' are used, though the necessity is naturally much greater in the latter case because 'circuit court' without the words 'at chambers' means at term, but the absence of such words cannot be regarded as fatal when the words 'circuit judge' are used under circumstances like those in the present case. This case is very different from that of *Kona Coffee Co.* v. *Circuit Court,* 10 Haw. 571, in which a bill in equity was entitled, brought and heard in the circuit court at term."

Both the court below and counsel for the petitioner were apprised of this jurisdictional question and an opportunity was given the petitioner to make such amendments as were necessary to obviate it but he saw fit not to make the amendments. The following excerpt from the transcript discloses the situation: "The above entitled matter came duly on for further hearing on Monday, September 30, 1929, at 2:45 o'clock p. m., and the following further proceedings were had: The Court: Your objection is that it was not issued by a circuit judge at chambers? Mr. McGhee: Yes, and that it does not comply with the Revised Laws. The Court: In what respect? Mr. Botts: No writ has been issued yet. (Argument) The Court: If there is any question about it, it can be made to appear on the pleadings by having it inserted, if you care to answer it. Mr. Botts: If it is necessary. I don't feel it is necessary. I will make a verbal motion to have the pleadings show that on their advice, but I submit it is not necessary. This form has been used in countless proceedings in court. The Court: The motion to dismiss will be overruled." One of the grounds of the motion made in the court below to dismiss the petition was "that a circuit court, as distinguished from a circuit judge at chambers, cannot issue a writ of habeas corpus for any purpose nor in any case."

For the foregoing reasons we think the motion to dismiss the petition on this ground, if on no other, should have been sustained.

The distinctions between the jurisdiction of circuit courts and circuit judges at chambers are statutory and therefore not fanciful but real and we have no power to sanction an invasion by one of these tribunals of the jurisdiction conferred upon the other. A quite full discussion of this subject is contained in *Carter* v. *Second Judge, First Circuit,* 16 Haw. 242.

638

Our reason for basing our conclusion on the single question discussed, although there are other serious questions presented, is that if the petitioner chooses to pursue the matter further in a proper proceeding and the questions we do not now decide again come before us, it will be time enough then to consider them. On the other hand, if for any reason no further steps should be taken it will not be necessary to consider them.

The appeal is sustained. The judgment appealed from is reversed and the petition for a writ of habeas corpus is dismissed.

*E. J. Botts* (also on the brief) for petitioner.

*E. R. McGhee,* Third Deputy Attorney General (*H. R. Hewitt,* Attorney General, with him on the briefs), for respondents.